## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MERCEDES GARCIA**<br>1467 3rd St S.W.<br>Washington, D.C. 20024<br><br>**On behalf of himself and all**<br>**others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JANITORIAL PARTNERS, INC.,**<br>5400 Backlick Woods Court<br>Springfield, VA 22151<br><br>**RAY PARK,**<br>5400 Backlick Woods Court<br>Springfield, VA 22151<br><br>**GEOFF OGDEN,**<br>5645-P General Washington Drive<br>Alexandria, VA 22312<br><br>**FRANKLIN CONDEZO,**<br>5645-P General Washington Drive<br>Alexandria, VA 22312<br><br>**and**<br><br>**ELVIS CONDEZO**<br>5645-P General Washington Drive<br>Alexandria, VA 22312<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No.**<br><br><br>**COLLECTIVE AND CLASS**<br>**ACTION COMPLAINT**<br><br>Case: 1:12-cv-00942<br>Assigned To : Leon, Richard J.<br>Assign. Date : 6/8/2012<br>Description: Labor/ERISA |

Plaintiff Mercedes Garcia ("Plaintiff" or "Mr. Garcia"), by his undersigned counsel and on behalf of others similarly situated, for his collective and class action Complaint, hereby alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff, individually and on behalf of others similarly situated, brings this collective and class action against Defendants Janitorial Partners, Inc., Ray Park, Geoff Ogden, Franklin Condezo, and Elvis Condezo (collectively, "Defendants") to redress violations of federal and District of Columbia law that occurred during the course of Plaintiff's employment with Defendants.  By their actions and omissions alleged herein, Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the D.C. Minimum Wage Law, D.C. Code Ann. §§ 32-1001 *et seq.* ("DCMWL"); the D.C. Payment and Collection of Wages Law, D.C. Code Ann. §§ 32-1301 *et seq.* ("DCPCWL"); and the regulations promulgated thereto, D.C. Mun. Regs. tit. 7, §§ 900 *et seq.*  Plaintiff seeks back pay in the form of wages and/or overtime wages for labor and services rendered on Defendants' behalf, liquidated damages, attorneys' fees, costs, and expenses, and any other legal or equitable relief that the Court deems proper to redress Defendants' unlawful actions.

## THE PARTIES

2.      Plaintiff resides in the District of Columbia.  He began working as a janitor on behalf of Defendants at the Channel Square Apartments, 325 P Street S.W., Washington, D.C. 20024, on July 25, 2007, and continued to do so until his termination on October 31, 2011.

3.      Defendant Janitorial Partners, Inc. ("JPI") is a Virginia corporation with its principal place of business in Alexandria, Virginia.  Upon information and belief, JPI provides janitorial services in residential apartment and condominium buildings in the District of Columbia and throughout the D.C. metropolitan area.

4.      JPI is an enterprise engaged in interstate commerce.  Upon information and belief, JPI has annual business volume in excess of $500,000.

5.      Defendant Ray Park is the President and Chief Operating Officer of JPI, and at all relevant times was an owner, agent, and/or principal of JPI with both the actual and apparent authority to bind and set wage and hour policies and practices for JPI.

6.      Defendant Geoff Ogden is the Vice-President of Sales & Marketing for JPI responsible for JPI's operations and sales, and at all relevant times was an owner, agent, and/or principal of JPI with both the actual and apparent authority to bind and set wage and hour policies and practices for JPI.

7.      Defendant Franklin Condezo is the General Manager of JPI, and at all relevant times was an owner, agent, and/or principal of JPI with both the actual and apparent authority to bind and set wage and hour policies and practices for JPI.

8.      Defendant Elvis Condezo is the Operations Manager of JPI, and at all relevant times was an owner, agent, and/or principal of JPI with both the actual and apparent authority to bind and set wage and hour policies and practices for JPI.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over Count I pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action arises under the laws of the United States.

10.      This Court has supplemental jurisdiction over Plaintiffs' claims arising under District of Columbia law pursuant to 28 U.S.C. § 1367(a) because these claims arise from a

common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

11.     This Court has personal jurisdiction over Defendants because Defendants have substantial, continuous, and systematic contacts with the District of Columbia and their actions and omissions alleged herein occurred in the District of Columbia.

12.     Venue is proper in the District of Columbia under 28 U.S.C. § 1391(b) because Defendants' actions and omissions giving rise to the claims asserted herein occurred in this district.

## COLLECTIVE AND CLASS ACTION CLASSES

13.     This action is brought individually and as a collective action pursuant to 29 U.S.C. § 216(b) by Plaintiff, who worked as a janitor for JPI, on behalf of himself and all other similarly situated non-exempt, hourly-paid or salaried employees who performed janitorial duties on behalf of Defendants at any time between July 25, 2007 and the date of the final disposition of this action (the "Class Period"). Together, these individuals shall be referred to as the "Collective Action Members."

14.     This action is also brought as a class action pursuant to Fed. R. Civ. P. 23 by Plaintiff on behalf of himself and all other non-exempt, hourly-paid or salaried employees who performed janitorial duties on behalf of Defendants at worksites in the District of Columbia at any time during the Class Period. Together, these individuals shall be referred to as the "Class Members." Plaintiff, individually and on behalf of the Class Members, alleges claims pursuant to the DCMWL, the DCPCWL, and the regulations promulgated thereto.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

15.     Defendant JPI is in the business of providing janitorial services to residential apartment and condominium buildings in the D.C. metropolitan area.

16.     Defendants supervised Plaintiff, Collective Action Members, and Class Members and controlled the terms and conditions of their employment.  Throughout the Class Period, Defendants had and exercised the power to control Plaintiff's, Collective Action Members', and Class Members' work schedules and locations, to assign their job tasks and direct the means of carrying them out, to provide them the instruments and materials to perform the work, to supervise and evaluate their job performance, and to hire and/or fire Plaintiff, Collective Action Members, and Class Members.

17.     Defendants Ray Park, Geoff Ogden, Franklin Condezo, and Elvis Condezo, on behalf of Defendant JPI, authorized, assented to, or were aware of the work performed by Plaintiff, Collective Action Members, and Class Members for the benefit of Defendants.

18.     Defendants Ray Park, Geoff Ogden, Franklin Condezo, and Elvis Condezo have decision-making authority over JPI's payroll and employment policies and practices, including, but not limited to, the hourly-paid or salaried employees' rate of pay, overtime hours, pay dates, method of payment, the maintenance of employee records, authority to hire and fire employees, and the assignment of employees to JPI worksites.

19.     Upon information and belief, Defendants directly benefited from the work of in excess of 100 individuals whom they assigned to work on their behalf in the District of Columbia and the D.C. metropolitan area during the Class Period.  Defendants received payment from their own customers for the work performed for Defendants' benefit.

20.     Throughout the Class Period, Defendants had and have a legal obligation to pay their employees for work performed, for maintenance and cleaning of their uniforms, and overtime compensation for hours worked in excess of forty hours each week.

21.     Despite Defendants' obligations under relevant wage and hour laws and regulations, Defendants intentionally created and implemented a system through which they denied Plaintiff, Collective Action Members, and Class Members one-and-one-half times their regular hourly rate of pay for hours worked in excess of forty hours during each workweek and denied Plaintiff and Class Members all wages owed for each hour worked and payment for cleaning and maintenance of uniforms.

22.     To this day, Plaintiff, Collective Action Members, and Class Members have not been paid all compensation owed them for hours worked during the Class Period.

23.     Throughout the Class Period, Defendants issued pay stubs to Plaintiff, Collective Action Members, and Class Members that failed to include, *inter alia*, a statement of the hours worked during the pay period, a statement of gross wages paid separately listing the earnings for overtime and non-overtime hours worked, and an itemization of allowances and deductions from and additions to wages.

24.     Upon information and belief, Defendants failed to keep payroll records containing all information required by law.

25.     The compensation policies and practices set forth above constitute willful, knowing, and intentional violations of the FLSA, the DCMWL, the DCPCWL, and the regulations promulgated thereto.

## FACTUAL ALLEGATIONS SPECIFIC TO MERCEDES GARCIA

26.     In or around July 2007, Mr. Garcia resided at the Channel Square Apartments at 325 P Street S.W., Washington, D.C. 20024.

27.     In July 2007, two individuals, known to Plaintiff only as Guillermo and Mr. Eramo, worked for JPI performing janitorial services at the Channel Square Apartments.

28.     On July 25, 2007, Mr. Eramo injured his thumb in an accident involving a trash compactor.  He went to the hospital, and JPI decided immediately to terminate him and seek a replacement.  Guillermo suggested to Mr. Garcia that he apply for Mr. Eramo's vacated position.

29.     Later on the same day, Defendant Elvis Condezo came to the Channel Square Apartments, provided an application to Mr. Garcia, conducted a short interview, hired Mr. Garcia as Mr. Eramo's replacement, and instructed Mr. Garcia on the job responsibilities.

30.     Mr. Garcia then began performing janitorial services on July 25, 2007 at the Channel Square Apartments on behalf of Defendants, and continued to do so until his termination on October 31, 2011.

31.     From July 25, 2007 through approximately the end of 2009, Mr. Garcia worked approximately eight hours per day Monday through Friday, and worked approximately four hours each weekend on either Saturday or Sunday morning, averaging a total of more than forty-four hours per week.

32.     Beginning in 2010 and continuing through his termination on October 31, 2011, Mr. Garcia worked approximately eight hours per day Monday through Friday and an additional four hours per day on Saturday and Sunday, averaging more than forty-eight hours per week.

33.     During the entire time that he worked for JPI, Mr. Garcia was a "non-exempt" employee for purposes of the FLSA and the DCMWL.

34.     For the entirety of his tenure as an employee of Defendants, Defendants failed to pay Mr. Garcia the minimum wage mandated by District of Columbia law, failed to pay Mr. Garcia an additional $0.10 per hour to maintain and clean the uniform provided to him by JPI, and never paid Mr. Garcia overtime for his hours worked over forty hours each workweek.

35.     Upon information and belief, Defendants knew that the payments they made to Mr. Garcia did not meet the legal requirements under federal and District of Columbia law. Defendants therefore showed a willful disregard of their legal obligations toward Mr. Garcia.

## EQUITABLE TOLLING

36.     Throughout the Class Period, Defendants failed to comply with the FLSA and the DCMWL by failing to post notices advising their employees of their rights to minimum wages and overtime pay in a conspicuous and accessible place in every establishment where such employees are employed so as to permit them to observe readily a copy.

37.     As a result, any statutes of limitations applicable to the claims of Plaintiffs, Collective Action Members, and Class Members are equitably tolled for the period that Defendants were in violation of their posting obligations.

## COLLECTIVE ACTION ALLEGATIONS

38.     The collective action that Plaintiff proposes to maintain under the Fair Labor Standards Act, 29 U.S.C. § 216(b), includes all Collective Action Members who were not paid overtime for the hours over forty they worked in any given workweek during the Class Period.

39.     During the Class Period, the harms suffered by Collective Action Members were the same as or substantially similar to those suffered by Plaintiff, in that Plaintiff and the Collective Action Members are and were subject to the same unlawful compensation policies and practices as described in this Complaint.

40.     Accordingly, Plaintiff and Collective Action Members are "similarly situated" within the meaning of 29 U.S.C. § 216(b), and are therefore entitled to proceed on a collective basis.

41.     While the exact number of Collective Action Members is unknown to Plaintiff at the present time, Plaintiff believes that there may be more than 100 similarly situated persons who are or have been employed as non-exempt, hourly employees of Defendants performing janitorial services in the District of Columbia and who were not paid overtime for the hours over forty they worked in any given workweek during the Class Period. Thus, a collective action is the most efficient mechanism for resolution of the claims of the Collective Action Members.

42.     An action under 29 U.S.C. § 216(b) is superior to other available methods for the fair and efficient adjudication of this controversy since the damages suffered by certain individual Collective Action Members may be relatively small, and the expense and burden of individual litigation would make it impossible for such Collective Action Members individually to redress the wrongs done to them.  Further, because of the similarity of the Collective Action Members' claims, individual actions would present the risk of inconsistent adjudications, subjecting Defendants to incompatible standards of conduct.

43.     Annexed hereto as Exhibit 1 is written consent to the filing of this Complaint, duly executed by Plaintiff pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

44.     The class action that Plaintiff proposes to maintain under the DCMWL,

DCPCWL, and the regulations promulgated thereto includes all Class Members who were not

paid the minimum wage for hours they worked, were not paid for cleaning and maintenance of

their employer-provided uniforms, and/or were not paid overtime for the hours over forty they

worked in any given workweek during the Class Period.

45.     Upon information and belief, there are at least 100 present and former hourly-paid

or salaried employees of Defendants who perform(ed) janitorial services in the District of

Columbia during the Class Period.

46.     The Class Members are so numerous that joinder of all members is impracticable.

47.     Plaintiff's claims are typical of the claims of the Class Members because he and

all other Class Members are or were subject to the same unlawful compensation practices set

forth in this Complaint.

48.     Plaintiff is an adequate representative of the Class Members because he and all

other Class Members are or were subject to and damaged by the same unlawful compensation

practices set forth in this Complaint.

49.     Plaintiff challenges the legality of the policies and practices set forth in this

Complaint.  By advancing his own claims, Plaintiff will necessarily advance the claims of the

Class Members.

50.     Plaintiff will have no conflict with any Class Members and is willing to serve in

this representative role.

51.     Plaintiff has retained counsel that is competent and experienced in class action litigation and who will adequately represent the Class Members.

52.     Questions of fact and law common to all Class Members will predominate over any questions solely affecting individual Class Members.  Among the common questions are:

       a.     Whether Defendants are "employers" subject to District of Columbia law;

       b.     Whether Defendants established and maintained the policies and practices set forth in this Complaint as alleged during the Class Period;

       c.     Whether, as a result of these policies and practices, Defendants failed to compensate Plaintiff and Class Members all minimum wages duly owed under District of Columbia law;

       d.     Whether, as a result of these policies and practices, Defendants failed to pay Plaintiff and Class Members all overtime pay duly owed under District of Columbia law;

       e.     Whether Defendants' violations of District of Columbia law were willful; and

       f.     Whether Plaintiff and Class Members are entitled to relief as requested in this Complaint.

53.     Because Plaintiff and Class Members suffered the same harms and challenge the same unlawful compensation policies and practices set forth in this Complaint, a class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously and efficiently, without the duplication of effort, expense, and risk of inconsistent or varying adjudications presented by numerous individual actions.

54.     No difficulties are likely to be encountered in the management of this class action, and the identity of the Class Members should be readily available from Defendants' records.

## COUNT I

### (Violation of the FLSA – Plaintiff and Collective Action Members)

55.     Plaintiff and the Collective Action Members re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

56.     Plaintiff and Collective Action Members are or were employed by Defendants on an hourly or salary basis to perform manual labor and/or other duties that do not satisfy the tests for exempt positions under the FLSA.

57.     Plaintiff and Collective Action Members each worked more than forty hours in one or more workweeks within the Class Period.

58.     In violation of 29 U.S.C. § 207(a), Defendants failed to pay Plaintiff and Collective Action Members or caused Plaintiff and Collective Action Members not to be paid for overtime at a rate of at least one-and-one-half times the employees' regular rate of pay for hours over forty worked in any given workweek.

59.     Defendants' violations of the FLSA were repeated, willful, and intentional. Accordingly, a three-year statute of limitations governs this claim pursuant to 29 U.S.C. § 255(a).

60.     Plaintiff and Collective Action Members have been damaged by said violations of the FLSA.

61.     For their violation of the FLSA, Defendants are liable to Plaintiffs and Collective Action Members for all unpaid overtime compensation, plus an additional amount as liquidated damages, and costs and reasonable attorneys' fees incurred in the maintenance of this action.

## COUNT II

**(Violation of the D.C. Minimum Wage Law – Plaintiff and Class Members)**

62.     Plaintiff and the Class Members re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

63.     Defendants failed and refused to pay Plaintiff and Class Members the required D.C. minimum wage for each hour worked, in violation of Section 32-1003(a)(2) of the DCMWL.

64.     Defendants failed and refused to pay Plaintiff and Class Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty each week, in violation of Section 32-1003(c) of the DCMWL.

65.     Defendants failed to pay Plaintiff and Class Members an additional $0.10 per hour in addition to the wages required by the DCMWL for cleaning and maintenance of employer-provided uniforms, in violation of D.C. Mun. Regs. tit. 7, § 908.

66.     Defendants' violations of the DCMWL and regulations promulgated thereto were repeated, willful, and intentional.

67.     Defendants are liable to Plaintiff and Class Members under D.C. Code Ann. § 32-1012(a) and (c), for their unpaid overtime compensation, liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT III

### (Violation of the D.C. Payment and Collection of Wages Law – Plaintiff and Class Members)

68.     Plaintiff and Class Members re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

69.     Defendants failed and refused to pay Plaintiff and Class Members their earned straight and overtime wages in violation of the DCPCWL, Section 32-1301, *et seq.*

70.     Defendants' violations of the DCPCWL were repeated, willful, and intentional.

71.     Defendants are liable to Plaintiff and Class Members under D.C. Code Ann. § 32-1308, for their unpaid wages, liquidated damages, interest, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, Collective Action Members, and Class Members, respectfully requests that the Court:

A.     Declare this Action to be maintainable as a collective action pursuant to 29 U.S.C. § 216(b);

B.     Determine the damages sustained by Plaintiff and Collective Action Members during the Class Period as a result of Defendants' willful and intentional violations of 29 U.S.C. § 207(a), and award unpaid overtime against Defendants in favor of Plaintiffs and all Collective Action Members, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), plus such pre-judgment interest as may be allowed by law;

C.     Declare this Action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23;

D.     Determine the damages sustained by Plaintiff and Class Members during the Class Period as a result of Defendants' willful and intentional violations of the DCMWL, the DCPCWL, and the regulations promulgated thereto, and award all appropriate damages resulting therefrom to Plaintiffs and Class Members;

E.    Award Plaintiff, Collective Action Members, and Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees, accountants' fees, investigators' fees, experts' fees, and other associated costs; and

F.    Grant Plaintiff, Collective Action Members, and Class Members such other and further relief as this Court may deem just and proper.

Respectfully submitted,

_____

Matthew J. MacLean (Bar No. 479257)
Daron T. Carreiro (Bar No. 983088)
Keith D. Hudolin (Bar No. 1004508)
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street N.W.
Washington, D.C. 20037
Phone: 202-663-8000
Fax: 202-663-8007
matthew.maclean@pillsburylaw.com
daron.carreiro@pillsburylaw.com
keith.hudolin@pillsburylaw.com

Laura E. Varela (Bar No. 28260)
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W. Suite 400
Washington, D.C. 20036
Phone: 202-319-1000
Fax: 202-319-1010
laura_varela@washlaw.org

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MERCEDES GARCIA, | ) |
|  | ) |
| On behalf of himself and all | ) |
| others similarly situated, | ) |
|  | )   Civil Action No. |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| JANITORIAL PARTNERS, INC., *et al.* | ) |
|  | ) |
| Defendants. | ) |

## PLAINTIFF'S CONSENT PURSUANT TO 29 U.S.C. § 216(b)

Pursuant to 29 U.S.C. § 216(b), I consent to act as a plaintiff in this case, both on my own

behalf and on behalf of all persons similarly situated.

De conformidad con el Titulo 29 del Código de los Estados Unidos, Sección 216 (b), doy

mi consentimiento de actuar como demandante en este caso, tanto en mi nombre como en

nombre de toda persona en circunstancias parecidas.

Dated/Fechada: 6 - 6 -12

Mercedes Garcia